FILED
U.S. DISTRICT COURT

2008 MAR 26  P 1:26

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAMEON DEMARCO EDWARDS,<br><br>         Plaintiff,<br><br>    v.<br><br>BRITNEY ALEXANDER et al.,<br><br>         Defendants. | Case No. 2:07-CV-288 TS<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, Dameon DeMarco Edwards, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint alleges slander, defamation of character, reckless endangerment and "gross and willful negligence" based on incidents that occurred at the Cornell Correctional Institution (CCI), a halfway house located in Salt Lake City. The Complaint alleges that CCI employees made slanderous statements regarding Plaintiff which poisoned Plaintiff's dealings with other employees and residents at the

institution and eventually led to his removal from the program. Plaintiff further alleges that Defendants are liable for "reckless endangerment" because their statements created a "climate of hostility" towards Plaintiff which jeopardized his safety. Plaintiff seeks compensatory and punitive damages totaling approximately $4,012,200.

### A. Defamation

It is well-settled that § 1983 does not provide a cause of action for simple defamation. In <u>Paul v. Davis, 424 U.S. 693, 96 S. Ct. 1155 (1976)</u>, the Supreme Court held that state officials cannot be held liable for defamation under § 1983 unless the allegedly defamatory statements deprived the plaintiff of a more tangible form of liberty or property than merely his reputation. <u>Id. at 701</u>. As the Court explained, "the interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." <u>Id. at 712</u>. Thus, to state a § 1983 claim based on defamation a plaintiff must allege facts showing that the defamation directly resulted in the loss of a constitutionally protected liberty or property interest.

Plaintiff's Complaint does not allege any such loss. The primary loss allegedly suffered by Plaintiff was his removal from the CCI program and return to an institutional facility.

However, Plaintiff cannot show that he had a constitutionally protected liberty interest in participating in the CCI program. It is well settled that prisoners do not have a constitutional right to participate in rehabilitation programs. In fact, "courts have not accepted the claim that an inmate has a constitutional right to any educational, or other programs, and there has never been a recognized constitutional right of rehabilitation for prisoners." <u>Termunde v. Cook</u>, 684 F. Supp. 255, 259 (D. Utah 1988); see also <u>Johnson v. Galli</u>, 596 F. Supp. 135, 159 (D. Nev. 1984) ("There is no constitutional right to rehabilitation; idleness and a lack of programs do not violate the Constitution."). Moreover, enrollment in such programs does not give rise to a constitutionally protected liberty or property interest because "no fixed set of criteria entitles anyone to admission, and exclusion leaves the prisoner with the normal attributes of confinement." <u>Stanley v. Litscher</u>, 213 F.3d 340, 342 (7th Cir. 2000).

### B. Reckless Endangerment

The Court also finds no basis for Plaintiff's assertion that Defendants' allegedly defamatory statements jeopardized Plaintiff's safety in violation of the Eighth Amendment. To state a claim under the Eighth Amendment based on failure to protect, an inmate must allege facts showing: first, that he is

4

incarcerated under conditions posing a substantial risk of serious harm; and, second, that the prison official "'has a sufficiently culpable state of mind,'" i.e., that he or she is deliberately indifferent to the inmate's health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  The defendant's state of mind must be measured by a subjective standard.  Id. at 835.  Thus, the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  A defendant is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health and safety."  Farmer, 511 U.S. at 837.  The deliberate indifference standard is not satisfied by either negligence or constructive notice.  See Id. at 835.

Plaintiff's allegations do not satisfy the Farmer standard. First, Plaintiff's allegations do not show that he faced a substantial risk of serious harm.  Although Plaintiff states that Defendants "deliberately jeopardized Plaintiff's life and limb" he does not allege any specific facts to support this conclusory assertion.  Second, Plaintiff does not allege any facts showing that Defendants were subjectively aware Plaintiff was in jeopardy.  Plaintiff does not allege that he told officials he faced a specific danger, nor does he allege any incidents which

would have placed Defendants on notice that there was a significant safety issue that needed to be addressed. Finally, it appears that Plaintiff's removal from the CCI program and transfer to the jail actually alleviated any danger Plaintiff may have faced at CCI.

## CONCLUSION

Plaintiff's defamation and slander allegations are not cognizable under § 1983 because Plaintiff cannot show infringement of a constitutionally protected liberty or property interest. Similarly, Plaintiff's reckless endangerment allegations are not sufficiently serious to rise to the level of an Eighth Amendment violation, nor has he shown deliberate indifference by Defendants. Thus, the Court concludes Plaintiff's allegations are insufficient to state a claim under 42 U.S.C. § 1983.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.

DATED this 26th day of March, 2008.

BY THE COURT:

_____
Ted Stewart
United States District Judge